**BRIDGEWAY CORPORATION,**
Plaintiff–Appellant,

v.

**CITIBANK, doing business as Citicorp N.A., Defendant–Appellee.**

**Docket No. 03–7738.**

United States Court of Appeals,
Second Circuit.

March 11, 2004.

Michael J. Calvey, Calvey & Amon LLP (Thomas G. Amon, of counsel), New York, NY, for Plaintiff–Appellant.

J. Kelley Nevling, Jr., Levi Lubarsky & Feigenbaum LLP, New York, NY, for Defendant–Appellee.

PRESENT: GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Bridgeway Corporation, a Liberian firm operating out of Monrovia, Liberia, filed a breach of contract and unjust enrichment action against defendant-appellant Citibank in the United States District Court for the Southern District of New York. The object of the suit was roughly $190,000 in monies that Bridgeway insisted it had deposited in American currency in Citibank's Liberian branch—and therefore sought to recover in American currency. In response, Citibank denied that Bridgeway's deposits were made in U.S. dollars and asserted that it was contractually authorized to repay Bridgeway in *Liberian* dollars, which are essentially worthless outside of Liberia.[1]

In 2003, the district court (Chin, *J.*) conducted a jury trial on the breach of

---

1. Plaintiff previously obtained a judgment against Citibank in the Liberian courts in 1995, and then proceeded in U.S. district court, in 1997, in an effort to enforce that judgment. The district court, as affirmed by this court, *Bridgeway Corp. v. Citibank*, 201 F.3d 134 (2d Cir.2000), refused to honor the Liberian judgment. But the court below did permit Bridgeway to amend its complaint to allege the substance of its breach of contract and unjust enrichment claims here in the United States.

contract claim, having dismissed the unjust enrichment cause of action.[2] After hearing the evidence, the jury concluded that Bridgeway had failed to prove either that Bridgeway's deposits were made in U.S. dollars, or that Citibank had contracted to repay in U.S. dollars. It therefore found no breach of contract and awarded no damages.

On appeal, Bridgeway makes three arguments. First, it submits that the district court erred in admitting certain bank records introduced to show that Bridgeway's accounts contained Liberian dollars. These records, Bridgeway asserts, constituted improper hearsay, did not fall within the business records exception of Fed R. Civ. P. 803(6), and lacked a proper chain of custody. Second, plaintiff argues that the district court erred in declining to postpone the trial until Bridgeway's president could safely retrieve his U.S. visa from Liberia, which was in a state of civil war. Third, Bridgeway contends that the district court improperly, and prejudicially, suggested to the jury that Bridgeway's victory in the Liberian courts may have been partly attributable to judicial corruption.[3]

■ We will affirm the evidentiary rulings of the district court unless "they are manifestly erroneous. *Phoenix Assocs.*

*III v. Stone*, 60 F.3d 95, 100 (2d Cir.1995). "Absent such an abuse of discretion, a trial court's rulings on evidence will be left undisturbed." *Id.* Here, the district court's decision to admit various bank records pursuant to the business records exception contained in Fed.R.Evid. 803(6) fell within the range of permissible discretion. The records were introduced through the testimony of a "qualified witness." *See Phoenix Assocs.*, 60 F.3d at 101. It was the "regular practice" of Citbank's Liberian branch to "make [such] memorand[a]." *See* Rule 803(6). They were made by a "person with knowledge," Citibank Liberia's treasurer Benjamin Garnett. *See id.* And the documents bore sufficient indicia of "trustworthiness," within the meaning of Rule 803(6). *See Saks Int'l v. M/V "Export Champion,"* 817 F.2d 1011, 1013 (2d Cir.1987).[4]

■ Nor do we find abuse in the district court's denial of Bridgeway's third adjournment request, which resulted in Bridgeway's president giving videotaped, rather than live, testimony at trial. We will affirm such denials unless there "is a showing both of arbitrariness and of prejudice to the defendant," *Farias v. Instructional Sys.*, 259 F.3d 91, 100 (2d Cir.2001), and neither showing has been made here. Finally, the court did not exceed its discretion in noting to the jury that the Liberian

---

2. Bridgeway does not appeal from this dismissal.

3. Citibank, in addition to contesting these arguments, offers three other grounds for affirming the lower court's judgment: (1) Bridgeway's claims are time-barred under New York law; (2) the judgment entered in favor of Citibank following Bridgeway's earlier enforcement action was improperly vacated; and (3) the parol evidence rule bars Bridgeway's breach claim. Because, as we discuss below, we find no merit in Bridgeway's efforts to upset the jury's verdict, we need not reach these questions.

4. To the extent that Bridgeway is now, for the first time, raising an authentication challenge, based on an improper chain of custody, to various of the documents, we cannot say that the district court's admission of them constituted plain error. *See United States v. Brown*, 352 F.3d 654, 663 (2d Cir.2003) (where defendant fails to object below, we review for plain error). As to those documents to which Bridgeway did raise such a challenge below— including a cash deposit slip and letter from the National Bank of Liberia—we are satisfied, assessing the record before us, that these exhibits were properly authenticated. *See* Fed.R.Evid. 901(b).

730

courts were "apparently ... corrupt." This comment came as part of the court's explanation of the prior Liberian judgment—an explanation requested by the plaintiff—and was not objected to below. In any event, plaintiff has failed to establish that the statement was unfairly prejudicial. *See United States v. Gelzer,* 50 F.3d 1133, 1141 (2d Cir.1995).

We have considered all of appellant's arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.

